IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tiggs W. McFadden, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Michael J. Astrue, Commissioner of Social )<br>Security Administration, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 9:11-1087-TLW-BM |

# ORDER

Plaintiff brought this action pursuant to 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security, denying his claim for disability insurance benefits. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that the decision of the Commissioner be affirmed. (Doc. # 18). The Plaintiff filed objections (Doc. # 20) to which the Commissioner replied. (Doc. # 21). The matter is now ripe for review.

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the

>Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the record, the Magistrate Judge's analysis as found in the Report, and Plaintiff's objections to the Report. In his objections, Plaintiff argues that the ALJ failed to give specific reasons to support and explain portions of his analysis, particularly the decision to accord reduced weight to the testimony of Plaintiff and Plaintiff's spouse. (Doc. # 20). Plaintiff maintains that the ALJ's analysis relied too heavily upon "boilerplate" language of the kind criticized in <u>Bjornson v. Astrue</u>, 671 F.3d 640 (7th Cir. 2012). However, it is this Court's view, upon its review of the record, that the ALJ's analysis, including the ALJ's credibility assessment of the Plaintiff's testimony, is supported by a discussion of the medical evidence and its relation to the governing legal standards, and is not simply an empty recitation of "boilerplate" language. <u>See</u> Transcript, pps. 20-21. This Court is equally persuaded, based upon the level of detail in the analysis presented by the Magistrate Judge in his Report, that the Magistrate Judge likewise undertook a thorough review of the medical evidence in the case and the applicable legal standards.

For the forgoing reasons, and after careful review of the record, the Court **ACCEPTS** the Magistrate Judge's Report. (Doc. # 18). For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

August 14, 2012
Florence, South Carolina